UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID VEGA, | : | CIVIL NO: 3:13-CV-01934 |
| Plaintiff | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| POCONO REGIONAL POLICE DEPARTMENT, *et al.,* | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Introduction.**

After screening the complaint in this case in accordance with 28 U.S.C. § 1915(e)(2), I conclude that the complaint fails to state a claim upon which relief may be granted against two of the three defendants and that the third defendant is entitled to Eleventh Amendment immunity. Thus, I recommend that the complaint be dismissed.

**II. Factual Background and Procedural History.**

The plaintiff, David Vega, filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of New York.[1]

---

[1] Vega filed a prior similar case, which was also transferred to this Court. *See Vega v. Dunlap*, 3:12-CV-01767 (M.D.Pa.). Adopting a Report and Recommendation of Magistrate Judge Blewitt, on December 19, 2012, Judge Conaboy dismissed that action. *Id.* at *Doc. 9*. Judge Conaboy dismissed all the claims in that case with

The case was subsequently transferred to this Court, and Vega filed an application to proceed *in forma pauperis*. By a separate order, I have granted Vega's application to proceed *in forma pauperis,* but after screening the complaint, I conclude that the complaint should be dismissed.

The complaint names the following three defendants: (1) the Pocono Regional Police Department; (2) the Monroe County Correctional Facility; and (3) the Monroe County Department of Probation and Parole. Vega alleges that he was released from the Monroe County Correctional Facility without signing any documents. According to Vega, once he arrived in New York City, he was arrested based on a warrant for not reporting on parole. Vega alleges that after he was arrested, he was taken to Rikers Island, and he spoke to a parole officer from the Department of Parole at the Monroe County Correctional Facility. The parole officer allegedly told Vega that his supervisor did not want to talk to him and that they know he is in jail.

Vega claims that his civil rights were violated three different times. First, he claims that Scott Dunlap and his partner investigated him instead of investigating the alleged rape of his girlfriend. Second, he claims that the Monroe County

---

prejudice, with the exception of one procedural due process claim related to Vega's parole revocation, which he dismissed without prejudice. *Id.*

2

Correctional Facility failed to inform him of his parole obligations. Third, he claims that a supervisor from the Monroe County Department of Probation and Parole refused to listen to him at Rikers Island about the possibility of a parole violation error. For relief, Vega seeks money damages to compensate for his pain, suffering and mental anguish and he requests the Attorney General to investigate the matter.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. I am required to screen the complaint in accordance with 28 U.S.C. § 1915.

**III. Discussion.**

**A. Screening of *Pro Se* Complaints─Standard of Review.**

Pursuant to 28 U.S.C. § 1915(a)(1), if the plaintiff establishes that he or she is unable to pay the costs of the suit, the court may allow a plaintiff to proceed *in forma pauperis*. *In re Binsack*, 446 F. App'x 445, 447 (3d Cir. 2011). Although there is language in the statute that refers to prisoners, § 1915(a) is not restricted to prisoner suits. *Martinez v. Kristie Kleaners,* Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004). In an action in which the plaintiff is proceeding *in forma pauperis*, I am obliged to review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

3

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious
> (ii) fails to state a claim upon which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more

than allege the plaintiff's entitlement to relief." *Fowler,* 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual

5

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

**B. The Pocono Regional Police Department Is Not a Proper Defendant.**

Vega's claims are brought under 42 U.S.C. § 1983. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422

F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

At the outset, I recommend dismissing defendant Pocono Regional Police Department from this action because Vega has failed to even mention the Police Department in his statement of claims. Moreover, a police department is not a person subject to suit under § 1983. *Terrell v. City of Harrisburg Police Dept.,* 549 F.Supp.2d 671, 686 (M.D.Pa. 2008)("It is well-settled that police departments operated by municipalities are not "persons" amenable to suit under § 1983."); *Holland v. Pocono Regional Police* Department, 2013 WL 3973080, at \*13 (M.D.Pa. July 31, 2013)(report and recommendation citing cases holding that a police department is not a "person" for purposes of § 1983 and, therefore, is not a proper defendant in a § 1983 action), report and recommendation adopted, 2013 WL 3973080 at \*1.

To the extent that Vega intended to name the municipal entity or entities of which the Pocono Regional Police Department is a subunit, the complaint

7

nevertheless fails to state a claim upon which relief may be granted. A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of *respondeat superior*. *Monell v. Department of Social Servs.,* 436 U.S. 658, 691 (1978). To state a claim against a municipality, the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). Since Vega has failed to allege that a policy, custom, or practice resulted in a violation of his constitutional rights, the complaint fails to state a claim upon which relief may be granted.

In sum, I recommend that the Pocono Regional Police Department be dismissed from this case for the following three reasons. First, Vega fails to mention the Pocono Regional Police Department in the body of the complaint. Second, under § 1983, Pocono Regional Police Department is not a person subject to suit. Third, Vega has failed to allege that his rights were violated by a policy or custom.

### C. The Monroe County Correctional Facility Is Not a Proper Defendant.

The Monroe County Correctional Facility is also not a proper defendant in this action. A prison is not a "person" subject to suit under § 1983. *See Pavalone v. Lackawanna Co. Prison*, Civil Action No. 1:11-CV-1444, 2011 WL 3794885, at *3 (M.D.Pa. Aug. 26, 2011) ("Because a prison or correctional facility is not a 'person' within the meaning of § 1983, the complaint against [Lackawanna County Prison] will be dismissed."). Additionally, to the extent that Vega intended to name Monroe County as a defendant, the complaint nevertheless fails to state a claim upon which relief may be granted. Again, Vega has failed to allege that a policy, custom, or practice of Monroe County resulted in a violation of his constitutional rights. And so the complaint fails to state a claim upon which relief may be granted. Moreover, the crux of Vega's claim is that he was not told of his parole conditions, an oversight that reasonably appears to be the responsibility of the Monroe County Department of Probation, which as discussed below is entitled to Eleventh Amendment immunity, rather than Monroe County.

### D. The Monroe County Department of Probation and Parole Is Entitled to Eleventh Amendment Immunity.

Vega's claim against the Monroe County Probation Department is barred by the Eleventh Amendment, which provides:

9

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

Although its text appears to restrict only the Article III diversity jurisdiction of the federal courts, the Eleventh Amendment has been interpreted "to stand not so much for what it says, but for the presupposition . . . which it confirms." *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)(quoting *Blatchford v. Native Village of Noatak*, 501 U.S. 775, 779 (1991)). That presupposition is that each state is a sovereign entity in our federal system and that it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.* Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam). A state, however, may waive its Eleventh Amendment immunity by consenting to suit, and Congress may abrogate states' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to

a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

A Pennsylvania court is a state entity entitled to immunity from suit in federal court under the Eleventh Amendment. *Benn v. First Judicial District of Pennsylvania*, 426 F.3d 233, 241 (3d Cir. 2005). Vega's claim against the Monroe County Probation Department is barred by the Eleventh Amendment because the Monroe County Probation Department is a part of the Commonwealth's Unified Judicial System. *See Haybarger v. Lawrence County Adult Probation and Parole,* 551 F.3d 193, 198 (3d Cir. 2008)("Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity.").

### E. Vega Should Not Be Granted Leave to Amend.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). In light of this requirement, I would normally grant Vega leave to file an amended complaint. In this case, however, Vega has failed to name entities or individuals who are proper defendants in a 42 U.S.C. § 1983 action. And Vega

filed a prior case in which he named the officers of the Pocono Mountain Regional Police Department, whom he alleges falsely arrested him, and Judge Conaboy dismissed the claims against those defendants with prejudice. While Judge Conaboy dismissed Vega's prior due process claim related to his parole revocation without prejudice, Magistrate Judge Blewitt clearly informed Vega that the Monroe County Correctional Facility was not a proper defendant. Still Vega filed this action naming the Monroe County Correctional Facility as a defendant. Considering these circumstances, granting Vega leave to amend would be futile.

## IV. Recommendations.

Accordingly, for the foregoing reasons, it is recommended that the complaint be dismissed and that the case file be closed.

> Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 25th day of April, 2014.

S/Susan E. Schwab
Susan E. Schwab
United States Magistrate Judge

13