UNITED STATES DISTRICT COURT
~~EASTERN DISTRICT OF NEW YORK~~ middle District of Pennsylvania
-----------------------------------X

David Vega

Plaintiff,

-against-

Poconos Regional Police Department, et al.

Defendants.
-----------------------------------X

7/3/14

**AMENDED COMPLAINT**

3:13cv 1934  ( )( )

FILED
SCRANTON

JUL 8 - 2014

PER _____
DEPUTY CLERK

I would respectfully request To have the record Conversation From Rikers Island which all Conversations are recorded, you will see/hear for yourself Parole Officer telling me, yes Supervisor is here but does Not want to talk to you. I explained I'm in Rikers Island Because a Parole Violation in which I was not Suppose to have. I was told, Sucks to be you, I kept calling and they will just hang up the phone on me!

- Also -

Please See For Yourself in the log book at Monroe County Correctional Facility. I was released without being told that I was going to be on Parole, I never Signed any Inmate release forms in fact the Chaplin Mr Lee escorted me in a Van to the Bus Station to go Back to New York. Rikers Island and Monroe County Correctional Facility have logged information on my defense.

David Vega.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID VEGA, | : CIVIL NO: 3:13-CV-01934 |
| Plaintiff | : |
| | : (Judge Mariani) |
| v. | : |
| | : (Magistrate Judge Schwab) |
| POCONO REGIONAL POLICE DEPARTMENT, *et al.*, | : |
| Defendants | : |

## REPORT AND RECOMMENDATION

**I. Introduction.**

After screening the complaint in this case in accordance with 28 U.S.C. § 1915(e)(2), I conclude that the complaint fails to state a claim upon which relief may be granted against two of the three defendants and that the third defendant is entitled to Eleventh Amendment immunity. Thus, I recommend that the complaint be dismissed.

**II. Factual Background and Procedural History.**

The plaintiff, David Vega, filed a civil rights complaint under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of New York.[1]

---

[1] Vega filed a prior similar case, which was also transferred to this Court. *See Vega v. Dunlap*, 3:12-CV-01767 (M.D.Pa.). Adopting a Report and Recommendation of Magistrate Judge Blewitt, on December 19, 2012, Judge Conaboy dismissed that action. *Id.* at *Doc. 9*. Judge Conaboy dismissed all the claims in that case with

*[Handwritten annotation:]* Is this fair, why would Judge Conaboy dismiss with prejudice when I have solid evidence logged and filed at Rikers and Monroe County Correctional Facility which are trusted facilities with records of such acts... to defend my claim.

The case was subsequently transferred to this Court, and Vega filed an application to proceed *in forma pauperis*. By a separate order, I have granted Vega's application to proceed *in forma pauperis,* but after screening the complaint, I conclude that the complaint should be dismissed.

The complaint names the following three defendants: (1) the Pocono Regional Police Department; (2) the Monroe County Correctional Facility; and (3) the Monroe County Department of Probation and Parole. Vega alleges that he was released from the Monroe County Correctional Facility without signing any documents. According to Vega, once he arrived in New York City, he was arrested based on a warrant for not reporting on parole. Vega alleges that after he was arrested, he was taken to Rikers Island, and he spoke to a parole officer from the Department of Parole at the Monroe County Correctional Facility. The parole officer allegedly told Vega that his supervisor did not want to talk to him and that they know he is in jail.

Vega claims that his civil rights were violated three different times. ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Second, ▬▬▬▬ that the Monroe County

prejudice, with the exception of one procedural due process claim related to Vega's parole revocation, which he dismissed without prejudice. *Id.*

2

Correctional Facility ~~[redacted]~~

~~[redacted]~~

~~[redacted]~~

~~[redacted]~~ For relief, Vega seeks money damages to compensate for his pain, suffering and mental anguish and he requests the Attorney General to investigate the matter.

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. I am required to screen the complaint in accordance with 28 U.S.C. § 1915.

*[handwritten annotation: Please Screen the Complaint Closer By requesting any release inmate Forms Signed By me @ MCCF also Screen Closer By requesting Telephone records @ Rikers Island and you will see for yourself that MR. Vega claims nothing I could prove #1- Inmate release #2- Parole refusing to Speak to me #3- Detectives Focused on me Because of Prior Hystory, not following the written Complaint a couple gave of a Rape..]*

### III. Discussion.

#### A. Screening of *Pro Se* Complaints—Standard of Review.

Pursuant to 28 U.S.C. § 1915(a)(1), if the plaintiff establishes that he or she is unable to pay the costs of the suit, the court may allow a plaintiff to proceed *in forma pauperis*. *In re Binsack*, 446 F. App'x 445, 447 (3d Cir. 2011). Although there is language in the statute that refers to prisoners, § 1915(a) is not restricted to prisoner suits. *Martinez v. Kristie Kleaners, Inc.*, 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004). In an action in which the plaintiff is proceeding *in forma pauperis*, I am obliged to review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

3

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i) is frivolous or malicious
        (ii) fails to state a claim upon which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.



[Handwritten annotation: "This is all True and could be proven; I did 5 months @ mccf and 1 month @ Rikers. Someone has to be held responsible for my situation"]

Under Section 1915(e)(2)(B)(ii), the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇s. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more

4

[Handwritten annotation: "I Already explained how to obtain my elements and defence which are solid evidence with Rikers Island holding one element and mccf holding the rest of my elements which are logged I'm Sure!!"]

#1                                                     DOB 12/12/66

With all due respect, these 4 papers along with the Amended Complaint will get straight to the point instead of beating around the Bush with more paper work, let me explain step by step page by page,

     by the time we get to the 4TH page, you will see exactly what my elements of this case is and you will see that because of the evidence that is solidly proven by Records of Rikers Island, as far as parole is concern and by Records of MCCF that I never signed any release forms.

     and by seeing that I was just the concern boyfriend of a Rape. Once you investigate this matter you will see that Mr Vega made all true claims.

     I Thank you
    for taking time to read
    this letter
      David Vega

# #2

why does it seems that this whole issue should be swept under the rug.

what happened to loyalty and justice.

if your wrong, your wrong and if your right, your right.

this is black and this is white. etc...

what happen to this case when it shall be an open and shut case and repremend all parties involved to make sure this doesn't happen again.

I have solid proof and since this case is taking oo long I'm letting you know how to obtain the solid proof and evidence of my elements and defense.

I've been under phsyciatric treatment since 1992 and dont need any more drama. I dont wanna get the media involved but maybe that's how I'd be heard...

# #3

My Question to you is why?
If I have solid evidence as far as no inmate Release form signed before leaving the Correctional facility after serving 5 months by being escorted by the chaplin lee.

I also have solid evidence by just requesting the phone records in which I have the exact time and date of the incident, @ Rikers Island conversation with parole telling me that the supervisor is here but does not want to talk to you.

Once I sayd I'm at Rikers Island because of your error I was told. it sucks to be you and then phone was hanged up.

I called a few times and they will see that the call was from New York and just pick up and hang up without answering. Making me waste the little bit of money I had left buying no food cause I wasted in calls.
AM I UPSET ABOUT THIS? DAMN RITE!!

#4

I have no choice but to tell my story to the Media because what happen to me, and with all my solid evidence look how long its taking. "Shouldn't happen to any one. this is an open & shut Case in my eyes and Im going all the way with this til the end...
 I hope that we resolve this matter as soon as possible without further incidents..

I really am trying to avoid the Media; I paid my debt to society NO parole NO NOTHING I HAVE NOTHING TO Hide!!

Hope to hear from you Soon.

Mr. Vega

P.S Please Keep in Mind that whats right is right and there is Sufficient evidence to proove all that Im Saying...
 And if you or any one was in my shoes, they shall be treated fairly and See that the evidence dont lie its TRUE WHAT IM Saying...

Sincerely David Vega

My Proposal to end this, if you are interested—

I Believe that I shall be given a fair amount of Compensation For all my pain & Suffering, stress etc.—

And an Opology from detectives Scott Dunlapp and Kenneth?

also repremend the inmate release Office as well as dept. of parole/Probation Parole treated me Very Unproffesional and rude. This way the Media wont Get involved I Believe we do it this way, I'll Sign whatever, ending this painful and Fustrating Ordeal that I've been dealing with...

And we Could Move on...

if NOT THEN LETS GO ALL The way and go for the MAX Compensation by Court of the law weather is Federal Court/Appeals or whatever the road brings. I'm willing to meet you half way to end this... I'll be awaiting your respond..

